# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| SUPERIOR SALES, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    2:13-cv-26 |
| | ) |
| BAKKER PRODUCE, INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court upon Plaintiffs' Application for Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure.

## FACTUAL BACKGROUND

Plaintiffs Superior Sales, Inc., JAB Produce, Inc., Ruby Robinson Co. Inc., and Strube Celery & Vegetable Co. are all dealers in perishable agricultural commodities – *i.e.*, produce – and are licensed under the provisions of the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. §499a *et. seq.* Between October 8, 2012 and December 17, 2012, Plaintiffs sold and delivered to Defendant Bakker Produce $166,382.20 worth of wholesale quantities of produce. Specifically, Superior Sales sold Bakker Produce $52,350.25 worth of produce between October 8, 2012 and December 17, 2012; JAB Produce sold Bakker Produce $6,634.00 worth of produce between November 23, 2012 and December 15, 2012; Ruby Robinson sold Bakker Produce $48,774.70 worth of produce between August 17, 2012 and September 18, 2012; and Strube sold Bakker Produce $58,623.25 worth of produce between December 15, 2012 and January 15, 2013.

All of these amounts remain unpaid. Bakker Produce is a dealer as that term is defined by the PACA, and licensed under the PACA as a dealer. According to the Complaint and the

proffer of counsel at the hearing, Defendants Thomas L. Bakker, Charles P. Bakker, Sr., Richard D. Bakker, Charles P. Bakker, Jr. and Michael R. Bakker were and are owners, members, officers and directors of Bakker Produce and were in direct control of all operations of the company during the period of time in question.

Plaintiffs sent invoices for the unpaid amounts to Defendants, and those invoices contained the language required by 7 U.S.C. §499e(c)(4). In addition, Defendants have tendered various checks to Plaintiffs in partial payment, all of which bounced.

## ANALYSIS

Given the perishable nature of produce, Congress believed it necessary to protect suppliers from getting stiffed by buyers; it's futile to repossess rotting vegetables. PACA helps solve that problem by regulating the nation's produce industry and provides, among other things, that perishable agricultural commodities received by a licensed dealer, as well as the proceeds from sales of those commodities, are held in trust for the benefit of unpaid suppliers until full payment has been made. 7 U.S.C. § 499e(c)(2). This floating trust is automatically created when the dealer accepts the goods so long as the supplier complies with the specific notice requirements set out in 7 U.S.C. § 499e(c) and 7 C.F.R. § 46.46(f). *Greg Orchards & Produce, Inc. v. Roncone*, 180 F.3d 888, 890-91 (7th Cir. 1999).

Plaintiffs seek a TRO to preserve PACA trust assets. To warrant a TRO, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) plaintiff will suffer irrreparable harm if the TRO is not granted. *See Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If these elements are satisfied, the Court must then balance the harm to the plaintiff if the restraining order is denied against the harm to the defendant if the restraining order is granted. *Id.*

Here, Plaintiffs have met their burden to demonstrate probable success on the merits coupled with the possibility of irreparable injury. First, Plaintiffs are entitled to the benefits associated with a PACA trust as a registered producer of agricultural commodities, and have preserved their ability to enforce the benefits of PACA through language on the invoices used in their dealings with Bakker Produce. *See* 7 U.S.C. § 499a(b)(6); *see also* 7 U.S.C. § 499e(c)(3). Bakker Produce is also a PACA licensee and therefore qualifies as a "dealer" as that term is defined by PACA. *See* 7 U.S.C. § 499a(b)(6). By submitting the outstanding invoices and the returned checks, Plaintiffs have presented sufficient evidence that Bakker Produce has not complied with its duties under PACA to maintain trust assets, and that Plaintiffs have not been fully paid for produce it sold to Bakker Produce. Thus, Plaintiffs have demonstrated likely success on the merits in their motion for a TRO.

Plaintiffs have also shown that they will suffer irreparable injury in the absence of a TRO. "[O]nce the PACA trust is dissipated, it is almost impossible for a beneficiary to obtain recovery." *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 139 (3rd Cir. 2000) (citing *Frio Ice, SA v. Sunfruit, Inc.*, 918 F.2d 154, 159 (11th Cir. 1990)). In this case, Defendant Mike Bakker has indicated to Plaintiffs that Bakker Produce has encountered extreme cash flow problems. [DE 7 at 3.] Given this statement and the checks returned for insufficient funds, the court finds sufficient grounds to constitute irreparable injury. *Tanimura*, 222 F.3d at 134-35 (stating that district court should have issued a preliminary injunction when debtor issued several checks that were postdated or returned for insufficient funds and informed creditor that it lacked the ability to pay debt).

Moreover, there is little harm to Defendants in granting a restraining order, which only requires Defendants to do that which they are required to do under the statute, *i.e.*, maintain the

trust required by statute. And the public interest is furthered by the granting of a temporary restraining order, as the statute itself states that the trust law was established to benefit the public interest which had suffered due to nonpayment for produce. *Tanimura*, 222 F.3d at 140 ("[The] issuance of a preliminary injunction here is in the public interest, as the statutory purpose explicitly encapsulates this."); 7 U.S.C. § 499e(c)(1) ("This subsection is intended to remedy such burden on commerce in perishable agricultural commodities and to protect the public interest.").

## CONCLUSION

Accordingly, Plaintiffs' Motion for Temporary Restraining Order is **GRANTED**. The following is **ORDERED:**

1. The Court will restrain Defendant Bakker Produce, Inc., the individually named Defendants, and all other officers or agents of the corporation from alienating, dissipating, paying over or signing any of Bakker Produce, Inc.'s Perishable Agricultural Commodities Act [7 U.S.C. § 499e(c)] trust assets except: 1) for payment to Plaintiffs until further Order of this Court, or until Defendants pay Plaintiffs the sum of $166,382.20 plus interest, costs, and attorney's fees and 2) by agreement of the parties, for payment of outstanding wages due to Bakker Produce, Inc.'s employees for time already worked prior to January 18, 2013. This restraint only applies to the corporation's assets – at this time the Plaintiffs do not seek to enjoin the personal assets of any individual Defendant.

2. By January 25, 2012, Defendants shall provide Plaintiffs' counsel an accounting that identifies the assets and liabilities and each account receivable of Bakker Produce, signed under penalty of perjury, along with any documents in connection with its respective assets and liabilities and related and subsidiary companies, including, but not limited to, the most recent

4

bank statements for the last 3 months, balance sheets, profit/loss statements, accounts receivable reports, accounts payable reports, accounts paid records, and income tax returns.

3. Due to the nature of the issues presented by this action, the court dispenses with the bond requirement contained in Federal Rule of Civil Procedure 65(c).

4. This TRO is effective upon the date and time of filing and shall remain in effect until the date of hearing on Plaintiffs' Motion for Preliminary Injunction, specified below.

5. Any response by Defendants to Plaintiffs' Motion for Preliminary Injunction must be filed by Friday, January 25, 2013. A hearing on the Motion for Preliminary Injunction is now **SCHEDULED** for Monday, January 28, 2013 at 2:00 p.m. This temporary restraining order will cease after the hearing.

6. If Defendants believe that the temporary restraining order has been entered in error, they may move for dissolution prior to the scheduled hearing date.

**SO ORDERED.**

Entered: January 18, 2013    s/ Philip P. Simon
                                                    PHILIP P. SIMON, CHIEF JUDGE
                                                    UNITED STATES DISTRICT COURT